WILLIAM A. RUSSELL, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Assault and battery — when a verdict is against the weight of evidence.*

Where, in an action brought by a passenger to recover damages from a railroad corporation because of an alleged assault committed upon the passenger by its conductor, testimony given by seven disinterested witnesses is overwhelmingly in favor of the defendant, and is substantially uncontroverted, and tends to show that the plaintiff was disorderly ; that he struck the first blow, and that the conductor used no unnecessary force, a verdict for the passenger must be set aside.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 1st day of April, 1896, upon the verdict of a jury rendered after a trial at a Trial Term of the Supreme Court held in and for the county of Oneida, and also from an order entered in said clerk's office on the 6th day of April, 1896, denying the defendant's motion for a new trial made upon the minutes.

*C. D. Prescott,* for the appellant.

*Sayles, Searle & Sayles,* for the respondent.

FOLLETT, J. :

This action was begun May 10, 1895, to recover damages for an assault and battery committed, it is alleged, by the defendant's employees, and for being arrested and imprisoned upon the complaint of its employees.

April 16, 1895, the plaintiff purchased a ticket at the city of Syracuse, entitling him to be carried on defendant's road, and about nine o'clock P. M. he took passage on a train at Syracuse bound for Rome. After leaving Syracuse an affray occurred between the plaintiff, the conductor and a brakeman of the train. When the train reached Oneida the plaintiff, on the complaint of the conductor, was arrested by a police officer, who confined him in the police station at that village until the next day, when the defendant's conductor appeared and filed a complaint with the police magistrate, who issued

a warrant charging the plaintiff in this action with assault in the third degree. About six o'clock P. M. of April seventeenth the plaintiff was fined fifteen dollars by the magistrate, which was paid, and the plaintiff discharged. There is no dispute about the foregoing facts.

On the trial the plaintiff contended that he was taken ill on the train, and became unconscious before the train left Syracuse, and while in that condition was wrongfully assaulted by the conductor and the brakeman, and wrongfully placed in charge of the police officer at Oneida. The defendant contended, on the trial, that the plaintiff was intoxicated ; that he refused to exhibit his ticket when demanded, and assaulted the conductor, who acted solely in self-defense, using no more force than was necessary to protect himself and maintain order in the car. Upon the proper determination of this issue the result of the case depended.

The plaintiff testified that he drank brandy four times during the day, taking the last drink just before entering the car, and became unconscious before the train left the Syracuse station ; and that he has no recollection of anything that occurred until he was arrested at Oneida. The plaintiff personally gave no testimony as to which one made the first assault.

To maintain his issue the plaintiff called George F. Fien, a passenger, who testified that he was riding in a seat or two forward of the plaintiff; that he heard a noise, and when he looked back the affray was not in plain sight because sixteen or eighteen people stood between him and the plaintiff; that he did not see the commencement of the affair, but did see the conductor strike the plaintiff two blows, and that afterwards the plaintiff was carried into the smoker. This witness did not see the commencement of the affray, nor does he attempt to say which struck the first blow, nor did he profess to have any knowledge of the cause of the disturbance. This was the only witness who testified in behalf of the plaintiff in respect to the affair.

The defendant called Richard J. Walker, a passenger, who testified that he was seated farther forward in the car than the plaintiff; that he heard a scuffle behind him ; arose, turned around and saw the conductor holding the plaintiff by the lapels of the coat; that

the plaintiff was striking at the conductor, who was endeavoring to force him to a seat; that the plaintiff used indecent language; that after the plaintiff was forced to a seat, he arose, kicked the conductor; and that soon after, he was carried by the conductor and brakeman into the smoker.

James Higgins, a passenger, testified that he sat three seats behind the plaintiff; that the conductor made two unsuccessful attempts to get his ticket; that he went away and returned the third time, demanded his ticket, and shook the plaintiff, who then jumped up and struck the conductor on the chin or neck; that the conductor then grabbed the plaintiff and tried to hold him, and in the scuffle the plaintiff kicked the conductor in the stomach, and then the brakeman came in and assisted the conductor to carry the plaintiff to the smoker   He testified that the conductor's face was cut, and bled; that his collar was torn open, and his necktie off, and that the plaintiff used an opprobrious epithet.   He saw the conductor strike the plaintiff, and the plaintiff strike the conductor as hard as he could.

· Miss Catherine Stokes, a passenger, sat in the first seat behind the plaintiff.   She testified that the conductor called on the plaintiff for his ticket, which he was unable to get; that when the conductor returned the third time he tried to arouse him and pulled his ear, and that, thereupon, the plaintiff struck the conductor; that he scratched the conductor in the face with his fingers, and then the conductor struck him.   She testified that the plaintiff struck the first blow.

David C. Armbrust, a passenger, testified that he sat in the first seat back of the plaintiff with Miss Stokes.   The plaintiff was lying in the seat asleep; that the conductor made two ineffectual attempts to get the plaintiff's ticket; that on the third application he shook the plaintiff, who did not respond; and that thereupon, the conductor took the plaintiff by the ear, who then struck the conductor three or four good blows in the face; that the conductor then grabbed the plaintiff by the coat and forced him into a seat; that the plaintiff kicked the conductor; kicked his watch chain off, tore his vest open and his necktie off; that the conductor, after he was struck, struck the plaintiff five or six blows; that the plaintiff struck the conductor's face; that afterwards the brakeman came in and helped the conductor carry the plaintiff into the smoker.

Miss Anna Burch and Miss Helen Burch sat in the seat across the aisle from the last witness. They testified that they saw the plaintiff lying in the seat apparently asleep. Upon the first two applications the conductor was unable to get his ticket, and attempted to raise the plaintiff into a sitting posture on the seat; that the plaintiff lay down; that the conductor raised him again; that thereupon the conductor pulled or pinched his ear, and that, thereupon, the plaintiff struck the conductor in the face, and that he kicked the conductor; that she saw marks on the conductor's face; that the conductor tried to hold the plaintiff in his seat, and told him to keep quiet; that there were ladies in the car.

Milton I. Green, who accompanied the young ladies, testified that he sat in the second seat back of the plaintiff; that he saw the conductor make two ineffectual attempts to get the plaintiff's ticket; that he returned a third time, took hold of the plaintiff's ear and pulled it gently and asked for his ticket. The plaintiff made no response, when the conductor pulled harder. Then the plaintiff sprang at the conductor; thereupon the conductor forced him into a seat; that the plaintiff arose and sprang at the conductor, who forced him into a seat the second time, and asked him to behave because there were ladies in the car. At that time the conductor had struck no blow; that the conductor at no time struck him a full blow, and that he acted in self-defense; that the plaintiff was continually striking and kicking the conductor. He saw that the conductor's face was hurt and saw that his necktie was gone.

The conductor was sworn, and without reciting his testimony it is sufficient to say that he described the plaintiff's conduct as disorderly, and stated that the plaintiff made the first assault, and that he (the witness) acted solely in self-defense. The brakeman testified that he saw the latter part of the affray; that the plaintiff was disorderly, and that the conductor acted solely in self-defense.

The plaintiff offered some evidence tending to show that he was subject to fits of unconsciousness arising from epilepsy. The evidence on this point was not very satisfactory, but it is quite evident from the plaintiff's conduct on this occasion, when aroused, that, whether his conduct was caused by epilepsy or by brandy, he had sufficient understanding and strength to make a vigorous fight. Upon this evidence the jury returned a verdict for $650 damages.

Upon the question which struck the first blow and whether the conductor used more force than was necessary, the testimony given by seven disinterested witnesses was overwhelmingly in favor of the defendant, and it was substantially uncontroverted.

The verdict is wholly unsustained by the evidence, and it should be set aside and a new trial granted, with costs to the defendant to abide the event.

All concurred.

Judgment and order reversed and a new trial ordered, with costs to abide the event.